UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGEL M. HANBERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11528** |
| **FEDLOAN SERVICING** | **SECTION: T** |

## ORDER

Before the Court is a Rule 12(b)(6) Motion to Dismiss[1] filed by Fedloan Servicing ("Defendant"). Angel M. Hanberry ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion to Dismiss is **DENIED.**

### FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's *pro se* complaint against Defendant in its capacity as servicer of Plaintiff's federal student loans.[3] Plaintiff's complaint cites various subparts of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Federal Trade Commission Act ("FTC Act"). On September 10, 2019, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.[4] Defendant contends Plaintiff's complaint fails to allege facts to support a claim under the FCRA, FDCPA, or FTC Act.

### LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[5] Motions to dismiss for failure to state a

---

[1] R. Doc. 8.
[2] R. Doc. 9.
[3] R. Doc. 1.
[4] R. Doc. 8.
[5] Fed. R. Civ. P. 12(b)(6).

1

claim are viewed with disfavor and are rarely granted.[6] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[8] and the documents attached to the complaint.[9] In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice,"[10] which includes matters of public record.[11]

Although pleadings by *pro se* claimants are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[12] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[13] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[14]

In this case, Plaintiff's complaint alleges the Defendant is a debt collector and has violated the FCRA, FDCPA, and FTC Act.[15] While Defendant points to deficiencies with Plaintiff's complaint, Defendant fails to address the exhibits attached to the complaint. For example, in Exhibit B to the complaint, Plaintiff alleges Defendant incorrectly reported information to credit report agencies.[16] Plaintiff contends she requested the Defendant remove the incorrect reporting,

---

[6] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[8] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[10] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).
[11] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[12] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002).
[13] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[14] *Twombly*, 550 U.S. at 555.
[15] R. Doc. 1, p.1.
[16] R. Doc. 1-1, Exhibit B.

but that Defendant failed to remedy the issue.[17] Plaintiff further alleges Defendant failed to establish written policies and procedures regarding the accuracy and integrity of information furnished by Defendant.[18] In Exhibit D to the complaint, Plaintiff alleges that she disputed the accuracy of the reporting on her account but that Defendant continued to ignore Plaintiff and failed to remedy the issues with her account.[19] Because the Defendant failed to address the exhibits attached to Plaintiff's complaint, the Court finds that Defendant has failed to show that Plaintiff's *pro se* pleadings fail to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss[20] is **DENIED.**

**New Orleans, Louisiana**, on this 5th day of March 2020.

								_____
								**GREG GERARD GUIDRY**
								**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 1-1, Exhibit B.
[18] R. Doc. 1-1, Exhibit B.
[19] R. Doc. 1-1, Exhibit D.
[20] R. Doc. 8.